IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

GARY L. SMART                                                                                    PLAINTIFF

v.                                    NO. 1:06CV00049 HDY

MICHAEL J. ASTRUE,                                                                          DEFENDANT
Commissioner of the Social
Security Administration

## MEMORANDUM OPINION AND ORDER

The record reflects that in March of 2005, plaintiff Gary L. Smart ("Smart") filed an application for supplemental security income benefits pursuant to the provisions of the Social Security Act ("Act"). His application was denied initially and upon reconsideration. He next requested, and received, a de novo administrative hearing before an Administrative Law Judge ("ALJ"). In July of 2006, the ALJ issued a ruling adverse to Smart. He appealed the ruling to the Appeals Council where the decision of the ALJ was affirmed. The decision of the ALJ thus became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). In October of 2006, Smart commenced this proceeding in which he challenged the final decision of the Commissioner.

The sole inquiry for the Court is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. See Prosch v. Apfel, 201 F.3d 1010 (8th Cir. 2000). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." See Id. at 1012.

In determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole, it is helpful to identify the findings. The record reflects that the Commissioner made findings pursuant to the five step sequential evaluation process.[1] At step one, the Commissioner found that Smart has not engaged in substantial gainful activity "at any time relevant to [the] decision." See Transcript at 13. At step two, the Commissioner found that Smart has the following medically determinable impairments: hypertension; carpal tunnel syndrome; and epicondylitis. The Commissioner found, however, that Smart does not have a severe impairment because he does not have "an impairment or combination of impairments that … significantly limit[] (or is expected to limit) [his] ability to perform basic work-related activities for [twelve] consecutive month …" See Transcript at 14. The Commissioner therefore concluded that Smart is not disabled within the meaning of the Act.

---

[1] The five steps involve determining the following: "(1) whether the claimant is currently employed; (2) whether the claimant is severely impaired; (3) whether the impairment is, or is comparable to, a listed impairment; (4) whether the claimant can perform past relevant work; and, if not, (5) whether the claimant can perform any other kind of work." See Cox v. Barnhart, 345 F.3d 606, 608 n.1 (8th Cir. 2003) [citing Bowen v. Yuckert, 482 U.S. 137 (1987)].

Are the Commissioner's findings supported by substantial evidence on the record as a whole? Smart thinks not and advances several reasons why, the two primary reasons being: (1) the Commissioner erred in discrediting Smart's testimony regarding his impairments and their impact on his ability to work, and (2) the Commissioner erred in concluding that Smart retains the residual functional capacity to perform light work.[2]

The Commissioner's analysis of Smart's claim terminated at step two of the sequential evaluation process, a step at which he bore the burden of proving that one or more of his impairments or a combination of his impairments are severe. "'The sequential evaluation process may be terminated at step two only when the claimant's impairment[s] or combination of impairments would have no more than a minimal impact on [his] ability to work.'" See Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007) [quoting Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir. 2001). The determination at step two is a medical determination. See Bowen v. Yuckert, 482 U.S. 137 (1987).

The record reflects that at various times, Smart complained of or was treated for hypertension; carpal tunnel syndrome; epicondylitis; pain, including chest pain; headaches; anxiety; difficulty reading and writing; emphysema and/or shortness of breath; and bursitis. With regard to those complaints, the Commissioner summarized the medical evidence as follows:

---

[2] Smart devoted a considerable portion of his brief to challenging the finding that he retains the residual functional capacity to perform light work. As the Court has already noted, the Commissioner terminated the analysis of Smart's claim at step two and never considered his residual functional capacity.

> On June 12, 2004, [Smart] was treated for chest pain and shortness of breath. The impression was musculoskeletal chest pain and hypertension. A chest x-ray was normal. On November 16, 2004, [he] was diagnosed with carpal tunnel syndrome on the right and lateral epicondylitis. [He] denied shortness of breath and chest pain. ...
>
> Clinic notes from March 16, 2006 indicate that [Smart] was not taking his medication for hypertension due to finances. The assessment was benign hypertension, bursitis of the left hip, and lateral epicondylitis on the right. He received an injection for the bursitis. ...
>
> An April 11, 2006 letter from Dr. David Fielder states that [Smart] was treated for hypertension since March 2002. He was noted to be non-compliant with his hypertension medication due to lack of funds and insurance coverage. His hypertension was well-controlled with medications. He also had been treated for hypertension and anxiety. ...
>
> [Smart] testified at the hearing that he takes medication for hypertension, but it is still uncontrolled. His nose bleeds and he gets dizzy upon standing. He has headaches daily. He can sometimes work with the headaches. He works 20 hours per week. He has not been asked to work 40 hours per week. He could not work a full week because it is too much pressure, and due to his hypertension. He no longer has a problem with alcohol. His right hand and arm goes numb. He stops working when this happens. He uses an inhaler. He smokes 1 ½ packs of cigarettes per day. He has not tried to quit. He experiences sharp pains through his left hip.

See Transcript at 13-14. On the basis of the foregoing summary, the Commissioner found that Smart has three medically determinable impairments, i.e., hypertension, carpal tunnel syndrome, and epicondylitis. The Commissioner made no specific mention of Smart's other complaints, but it is quite clear that the Commissioner found them to be de minimis.

Substantial evidence on the record as a whole supports the Commissioner's finding that Smart has hypertension, carpal tunnel syndrome, and epicondylitis. With regard to his other complaints, the Commissioner could find that they are simply de minimis complaints.[3]

Turning then to the question of whether Smart's impairments are severe, the Court notes that an impairment is severe if it has "'more than a minimal effect on the claimant's ability to work.'" See Henderson v. Sullivan, 930 F.2d 19, 21 (8th Cir. 1992) [quoting Hudson v. Bowen, 870 F.2d 1392, 1396 (8th Cir. 1989)].[4] This standard is not an onerous one, but it is also not a toothless one. See Kirby v. Astrue, 500 F.3d 705 (8th Cir. 2007).

The Commissioner found that Smart's impairments, when considered both individually and collectively, are not severe. In support of that finding, the Commissioner noted the following:

---

[3] Specifically, there is little medical evidence that Smart suffers from pain or headaches apart from those associated with his medically determinable impairments, that he has anxiety, or that his diminished ability to read and write has a medical origin. With regard to his shortness of breath and bursitis, there is some mention of those complaints in the medical record. See Transcript at 113, 132 (shortness of breath) and 114 (bursitis). The Court is not concerned by the Commissioner's failure to give Smart's shortness of breath and bursitis a more thorough treatment, though, because substantial evidence on the record as a whole supports the Commissioner's finding that Smart's impairments, when considered both individually and collectively, are not severe.

[4] Page v. Astrue, 484 F.3d at 1043, provides that step two involves "a determination, based on the medical evidence, [of] whether the claimant has an impairment or combination of impairments that significantly limits the claimant's ability to perform basic work activities." Assuming that the "more than a minimal effect" standard is different than the "significantly limits" standard, the result in the proceeding at bar is the same under either standard.

> The record indicates that [Smart] has received only sporadic treatment for any condition. He has hypertension which is controlled by medication according to his treating physician. [Smart] is admittedly non-compliant with his medication. [He] alleges his right arm and hand become numb. He has been diagnosed with carpal tunnel syndrome; however, there are no assigned restrictions associated with this condition. [He] testified that he experiences daily headaches, but has received no treatment for such condition. He testified that he works 20 hours per week, but has not been asked to work 40 hours per week. There was no evidence presented which supports the fact that [he] could not work a 40 hour week.
>
> [Smart] alleges shortness of breath; however, chest x-rays are normal. Despite complaints of shortness of breath, [he] continues to smoke over a pack of cigarettes per day.

See Transcript at 14.

Substantial evidence on the record as a whole supports the Commissioner's finding that Smart's impairments, when considered both individually and collectively, are not severe. The medical evidence reflects that his hypertension can be controlled by medication, see Transcript at 115, and it is axiomatic that "[a] medical condition that can be controlled by treatment is not disabling." See Warford v. Bowen, 875 F.2d 671, 673 (8th Cir. 1989). The medical evidence also reflects that there are no assigned restrictions associated with his carpal tunnel syndrome, epicondylitis, or de minimis complaints.[5]

---

[5] With specific regard to Smart's shortness of breath, there is nothing to suggest that the inhaler does not control or at least assists in controlling his unidentified respiratory condition. With specific regard to his bursitis, there is nothing to suggest that the treatment he received in March of 2006 did not diminish the pain in his hip.

As the Court noted above, Smart maintains that the Commissioner erred in at least two respects. First, Smart maintains that the Commissioner erred in discrediting Smart's testimony regarding his impairments and their impact on his ability to work. His assertion is without merit, though, because the Commissioner's analysis terminated at step two of the sequential evaluation process, a step involving a medical determination.

Second, Smart maintains that the Commissioner erred in concluding that Smart retains the residual functional capacity to perform light work. This assertion is also without merit because the Commissioner's analysis terminated at step two of the sequential evaluation process.

Given the foregoing, the Court finds that substantial evidence on the record as a whole supports the Commissioner's findings. Consequently, Smart's complaint is dismissed, and all requested relief is denied. Judgment will be entered for the Commissioner.

IT IS SO ORDERED this ___4__ day of December, 2007.

*H. Daniel Young*

_____
UNITED STATES MAGISTRATE JUDGE